IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-41166
Conference Calendar

_____

BOBBY JOE KELLY,

                                    Plaintiff-Appellant,

versus

DAWN GROUNDS, Assistant Warden; STANLEY MELVIN, Ad-Seg
Major; CHARLES KING, Ad-Seg Officer; UNKNOWN ESTES,
Ad-Seg Officer; UNKNOWN LEVERETT, Ad-Seg Sergeant;
ROBERT OAKES,

                                    Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:00-CV-123
--------------------
April 10, 2002

Before SMITH, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

     Bobby Kelly, Texas prisoner # 626124, appeals the district
court's grant of summary judgment for the defendants in his 42
U.S.C. § 1983 action.  Kelly argues that the district court
improperly decided disputed factual issues in granting the
defendants' motion for summary judgment.  He contends that he
alleged in his complaint, which was made under penalty of
perjury, that the defendants intentionally allowed another inmate

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

to assault him with feces.  He argues that his allegations squarely contradict the defendants' assertions that they had no knowledge of the assaults, and that the district court made an impermissible credibility judgment.  He contends that the defendants were deliberately indifferent to his health and safety by failing to protect him.[**]

We affirm the district court's grant of summary judgment on other grounds.  See Matthews v. Wozencraft, 15 F.3d 432, 439 (5th Cir. 1994).  The defendants presented summary judgment evidence in the form of an affidavit of Dr. Robert Brock, who attested that the incidents of contact with fecal material alleged by Kelly posed no risk of contracting tuberculosis, Hepatitis B or C, or HIV.  Kelly presented no evidence to the contrary.  This evidence supports the legal conclusion that, taking all of Kelly's allegations as true, he has not raised a genuine issue of material fact concerning whether the prison officials possessed knowledge of a substantial risk of harm.  See Shakka v. Smith, 71 F.3d 162, 167-68 (4th Cir. 1995) (no evidence of significant risk of future serious harm from denial of a shower for three days after other inmates threw urine and feces at plaintiff, when plaintiff had been given water and cleaning materials after incident).

AFFIRMED.

---

[**] Kelly makes no argument concerning the dismissal of Leverett in his appellate brief, and his claim against Leverett is considered abandoned.  Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).